IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Marisol Rodriguez,<br>    An individual, | )<br>)<br>) | |
|     Plaintiff | )<br>) | Case No.: CIV-20-1213-J |
| v. | )<br>) | |
| Putnam City School District,<br>District No. OK-55-I001 | )<br>)<br>) | |
|     Defendant | )<br>) | |

## **Complaint**

Comes Now, Plaintiff, by and through counsel and for her causes of action states as follows:

1. Plaintiff is and has been at all material times a resident of the State of Oklahoma within the venue of this court.

2. Defendant, Putnam City School District No. OK-55-I001 ("District") is a duly formed and authorized school district within the State of Oklahoma and the venue of this court.

3. All acts complained of herein occurred within the venue of this court.

4. This action arises under federal statutes as permitted by Article III, § 2 of the U.S. Constitution and 28 U.S.C. § 1331.

5. Plaintiff is, and has been at all material times, employed by Defendant District.

6. Plaintiff is a female of Hispanic ethnicity and race.

7. Plaintiff was employed as of November 2016 as an Attendance Secretary at Defendant District Apollo Elementary school in Bethany, Oklahoma. Plaintiff received satisfactory job performance evaluations. She received 4 out of a possible 5 evaluation score at for the 2016-2017 school term.

8. During the 2017-2018 school term, Defendant caused and permitted a racially hostile work environment to occur. Plaintiff was constantly harassed, belittled, and threatened by non-Hispanic co-workers. Plaintiff was repeatedly told, and yelled at, that she just needed to "leave Apollo."

9. Plaintiff is a native Spanish speaking person. Plaintiff was criticized by staff and the Principle for speaking Spanish to parents, students, and others, because Strickland claimed she did not know "what they were talking about" and was afraid they were saying negative things about her. Strickland repeatedly would make comments of "we are in America" when Plaintiff spoke with Hispanic/Latino parents, students, and others. Strickland repeatedly made comments that they "need to learn to speak English" here.

10. Strickland also misused her position of financial secretary resulting in school funds being some $4,000.00 short. Strickland attempted to falsely entrap Plaintiff into her misconduct by liking or involving Plaintiff's personal bank account to the school activity account without the knowledge or consent of Plaintiff. This was apparently done in an effort to be able to blame Plaintiff when. If, any audit or questioning of Strickland's misuse of funds arose. Only after Plaintiff unexpectedly received in the Spring of 2018 a copy of the bank statement of the school did she learn of the event. Plaintiff promptly reported the matter to her banking institution and to the District Administrative Payroll personnel.

11. From at least February 2018, Plaintiff repeatedly reported the harassment to her supervisor, Angela Habben, without success or resolution. In February 2018, Plaintiff was admonished by Principle Habben because it "bothered" her and Strickland for her to speak Spanish in front of them. Plaintiff reported that a number of Hispanic parents had complained to her about being treated rudely and disrespectfully by Strickland. Habben required and prevented Plaintiff from speaking Spanish to assist Hispanic and Latino parents and others seeking assistance at the school office.

12. In the spring of 2018, Principle Habben told Plaintiff that "Hispanics are very hard working, so I expect you will work hard."

13. After Plaintiff's complaints of racial discrimination to Principle Habben, Ms. Strickland's verbal assaults continued and increased without effective remedial action, or any discipline imposed on the offending employees.

14. Prior to May 3, 2018, Plaintiff was selected for and promised the position of Parent Liaison at Apollo Elementary, which came with a significant pay increased. After she reported racial discrimination to the District HR Department, Principle Habben refused Plaintiff the position. Plaintiff was only told the position is "no longer open for you." The position was later filed with a person who had not reported or opposed racial discrimination.

15. On or about May 17, 2018, the circumstances of her work were so significant that Plaintiff suffered an extreme anxiety/panic attack. She was taken by ambulance from the school to hospital. After Plaintiff reported her disability to the District, they took no remedial or accommodating action. They continued to require her to work with Strickland and Habben, without controlling their behaviors.

16. On May 22, 2018, District Executive Director of Elementary Education had a meeting with Plaintiff to discuss the harassment, retaliation, and discrimination. However, there was no assistance provided, nor any control of Strickland or Habben taken.

17. Plaintiff was unable to continue her assignment at Apollo Elementary. She was effectively forced to take a position as a teacher assistant was Windsor Hills elementary within Defendant District, which came with a pay cut.

18. In the Spring of 2018, Principle Habben retaliated against Plaintiff by trying to block even her ability to transfer to a different school. Habben falsely told the Principle of Windsor Hills that he should not hire Plaintiff because she "does not know how to get along with people." Fortunately, an employee at Windsor Hills vouched for Plaintiff and she was hired.

19. Plaintiff timely contact the EEOC on May 18, 2018 to file her charge of discrimination based on race, ethnicity, retaliation, and disability for the FY 2017-2020. By at the latest, on September 23, 2018, Plaintiff had provided clear notice of her charge (Number 564-2018-1469) and a request for EEOC to process it. The EEOC delayed the completion of its internal EEO Form 5 Charge until August 2, 2019. On August 2, 2019, the EEOC issued its Notice of Right to Sue on Charge 564-2018-1469.

**FY 2018-2019 Events**

20. In August 2018 Plaintiff began work at Windsor Elementary as an English Learners Language Teacher Assistant.

21. Since August 2018, Defendant caused and permitted a racially hostile work environment to occur. Plaintiff was constantly harassed, belittled, and threatened by non-Hispanic co-workers.

22. Defendant's staff at Windsor intimidated and harassed Plaintiff, including other staff forcing her to perform their regular front office duties, not part of being a teacher assistant, such as answering the main phones, parent walk-in meetings, or routine paperwork. This was worse if Plaintiff was requested to translate into Spanish for various meetings with parents/students as she was not available to do the other secretaries' work.

23. Defendant permitted and tolerated, and thereby encouraged, other staff to spread false rumors about Plaintiff's job performance and capabilities. Plaintiff was repeatedly, frequently and constantly, and near daily threatened with "breaking her contract" when she did not act fast enough or do enough of the other employees' work.  and if she was accused of being 1 minute late to return to the office, she was heavily threatened with her job.

24. On or about May 17, 2019 three other office staff threatened physical violence toward Plaintiff saying they should "just choke her out" because she was doing a translation project and not their work.

25. During the spring semester 2019, Plaintiff repeatedly raised these issues and concerns about harassment and discrimination from the other staff to the school principle. No effective remedial action or discipline was imposed to correct the matter.

26. On May 19, 2019, Plaintiff reported the harassment and discrimination to the Principle, Shbrone Bookings, and Patricia Balenseifsen with Human Resources.  These included events which occurred April 2019 and May 2019. No effective remedial action or discipline was imposed to correct the matter.

27. On or about May 20, 2019, the harassment and discrimination took a substantial toll, sending Plaintiff to the emergency room for anxiety, panic attack, which has required continued treatment and medication.

28. Plaintiff timely contact the EEOC and on May 30, 2019 Plaintiff submitted EEOC Charge Form 5  Charge No. 564-2019-1202 alleging racial, ethnicity, disability discrimination and retaliation. On September 2, 2020 Plaintiff was mailed a notice of right to sue and files this action within 90 days of her receipt thereof.

## Count 1: §1981 Racial Discrimination

29. All other paragraphs are incorporated herein.

30. 42 U.S.C. § 1981(a) provides, in relevant part, that "all persons… shall have the same right…to make and enforce contacts… as is enjoyed by white citizens…" Making and enforcing contacts includes not only making the initial contract but also the performance and modification of the contact and the "enjoyment of all benefits, privileges, terms and conditions of the contractual relationship. 42 U.S.C. § 1981(b). These rights are protected against "impairment by nongovernmental discrimination and impairment under color of law." 42 U.S.C. § 1981(c).

31. Plaintiff as an employee had a contractual relationship with Defendant District. Plaintiff also executed and had an individual contact of employment with Defendant for each school term.

32. Since August 2018, Defendant denied Plaintiff the performance under her contact and the enjoyment of its benefits by permitting, tolerating, condoning, and failing to prevent discrimination and retaliation against Plaintiff because of her race and ethnicity.

33. Defendant's actions were taken under color of law.

## Count 2: §2000e Racial Discrimination

34. All other paragraphs are incorporated herein.

35. Defendant District is an employer with more than 15 employees under the Civil Rights Act of 1964. 42 USC § 2000e.

36. Since August 2018, Defendant District committed unlawful employment practices in discriminating against Plaintiff because of her race and ethnicity by creating, permitting, and condoning a racially hostile work environment effecting Plaintiff's terms and conditions of employment and failing to correct or remedy the environment.

37. Since August 2018, Defendant District committed unlawful employment practices in discriminating against Plaintiff because of her race and ethnicity by failing a refusing to hire her as a Parent Liaison.

### Count 3: §2000e Racial Retaliation

38. All other paragraphs are incorporated herein.

39. Defendant District is an employer with more than 15 employees under the Civil Rights Act of 1964. 42 USC § 2000e.

40. As of February 2018, and continuing, Plaintiff opposed discrimination against her on the basis of her race and ethnicity and reported such to her supervising Principle, the District HR department, and the Director of Elementary Education. Such actions by Plaintiff qualify as engaging in protected opposition to unlawful employment practices under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3.

41. Plaintiff participated in EEOC proceedings when she filed her September 2018 EEOC Charge No. 564-2018-1469.

42. Plaintiff opposed discrimination during the FY2018-19 term and continuing in subsequent terms.

43. Defendant retaliated against Plaintiff by permitting, condoning, emboldening, and ratifying post-opposition threats, demands, and harassment of Plaintiff.

44. Plaintiff suffered, tangible adverse employment action when Defendant retaliated against her.

45. Defendant retaliated against Plaintiff by falsely telling other employing officials in the District that Plaintiff should not be hired, and that she could not "get along" with others as a result of her opposition conduct.

46. There is a causal connection between Plaintiff's opposition to discrimination and the retaliation by Defendant.

### Remedy

47. The acts and conduct of Defendant described above, were malicious, spiteful, and in willful and reckless disregard for the legal rights of another.

48. Defendant at all material times had in excess of 200 employees.

49. The acts and conduct of Defendant, described above, are the proximate cause of compensatory damage to Plaintiff, including loss of earnings and benefits, out of pocket costs otherwise covered by insurance, loss of

earning capacity, emotional distress, pain of mind and body, all in an amount in excess of $75,000.00, excluding costs, fees, and interest.

Wherefore, Plaintiff prays that judgment be rendered in her favor and against Defendant in an amount in excess of $75,000.00, together with back-pay, interest, costs, expenses, attorney fees, reinstatement or front pay as appropriate, liquidated damages equal to all lost salary, wages, employment benefits, and other compensation denied as a result of termination, and any and all other legal or equitable relief to which she is entitled.

Jury Trial Demanded

Attorney Lien Claimed

                                        Respectfully Submitted,

                                        _s/Loren Gibson_____
                                        Loren Gibson, OBA 14348
                                        Gibson & Associates, P.L.C.
                                        105 N. Hudson, Suite 312
                                        Oklahoma City, OK 73102
                                        405/270-0900
                                        405/270-0903 (fax)
                                        Counsel for Plaintiff